**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**SANDY KMETZ,** **CASE NO.: 3:21-CV-00952**

**Plaintiff,**

**vs.**

**WALMART, INC., A FOREIGN FOR PROFIT CORPORATION, AND JANET BALDWIN,**

**Defendants.**
**_______________________________/**

**DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)**

Defendants, WALMART, INC. (Walmart), and JANET BALDWIN, under 28 U.S.C. §§1332, 1441 and 1446, give notice with full reservation of all defenses and without waiving any right to arbitrate, that this cause, the civil action bearing case number 2021-CA-000378, is hereby removed from the Seventh Judicial Circuit Court in and for Flagler County, Florida, to the United States District Court for the Middle District of Florida – Jacksonville Division. Pursuant to 28 U.S.C. §1446(a), a short and plain statement of the grounds for removal follows:

## I. PROCEDURAL BACKGROUND

1. Plaintiff, Sandy Kmetz, a resident of the State of New Jersey, filed her Complaint and Demand for Jury trial in a civil action for money damages

with the Circuit Court in and for Flagler County, Florida, Case Number 2021-CA-000378, on or about July 28, 2021, 2020 ("the State action"), against the Defendants, Walmart, Inc. and Store Manager, Janet Baldwin (Exhibit A).

2. Defendant, Walmart, Inc. was served on August 5, 2021, and Defendant, Janet Baldwin was served on August 12, 2021.

3. Plaintiff alleges she tripped on a cracked sidewalk while walking in the parking lot of Defendant, Walmart's store. (See Exhibit A at ¶7).

4. Section 1441 of Title 28 grants a Defendant the right to timely remove its pending State court action to Federal District Court, if that Court would have original jurisdiction. Original jurisdiction can be based on diversity of citizenship, 28 U.S.C. § 1441(a), amongst other grounds. As set forth more fully below, this case is properly removed pursuant to 28 U.S.C. §1441 because the Court has subject matter jurisdiction over it and Defendants have satisfied the procedural requirements for removal.

## II. VENUE

**5.** Venue exists in the United States District Court for the Middle District of Florida, Jacksonville Division, because the Seventh Judicial District in and for Flagler County, where Plaintiff filed her Complaint against Walmart and

Janet Baldwin, is located within the United States District Court for the Middle District of Florida, Jacksonville Division.

## III. DIVERSITY OF CITIZENSHIP

6. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §1332. Specifically, Plaintiff and Defendants are of diverse citizenship.

7. Walmart, Inc., at the time of the alleged incident and all times material, was and is a Delaware Corporation with its principal place of business in the state of Arkansas. At no time has Walmart, Inc. been a citizen of Florida. (Exhibit B, Florida Department of State, Division of Corporations, Fictitious Name Detail.)

8. Plaintiff's Complaint states that the Plaintiff is and was a resident of Somerset County, New Jersey at all times material. (See Exhibit A at ¶5). See *McCormick v. Aderhold*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.")

9. As such, there is complete diversity among the parties because Plaintiff is not a citizen of the State in which Defendant, Walmart, Inc. is a citizen.

## IV. AMOUNT IN CONTROVERSY

10. To determine the amount in controversy, a "defendant may rely on an estimate of the potential damages from the allegations in the Complaint."

*McPhail v. Deere & Co.*, 529 F. 3d 947, 955 (10th Cir. 2008). The jurisdictional minimum is satisfied where the defendant demonstrates to a legal certainty or within a reasonable probability that the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs. *See Phillips v. Whirlpool Corp*., 351 F. Supp. 2d 458, 461 (D.S.C. 2005). A combination of facts and theories of recovery in the Complaint that may support a claim exceeding $75,000 can be considered to satisfy the amount in controversy requirement for removal. *Id*.; s*ee Keogh v. Clarke Envtl. Mosquito Mgmt., Inc.,* No. 8:12-cv-2874-T-30EAJ (M.D. Fla. Jan 17, 2013)("A removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it").

11. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court jurisdictional minimum amount of $30,000.00, it is clear from Plaintiff's pre-suit communications to the Defendant that her claim for damages exceeds the jurisdictional minimum in this Court of $75,000.00.

12. "If the jurisdictional requirement is not facially apparent from the Complaint, the court should look to the Notice of Removal and may require evidence relevant to the amount in controversy at the time the case was

removed. In considering the removal notice and evidence, the court is permitted to make reasonable deductions and inferences." *Ruscin v. Wal-Mart Stores, Inc.*, No. 8:13-CV-101-T-35TGW, 2013 WL 12157850, at *2 (M.D. Fla. July 16, 2013) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753 (11th Cir. 2010) (recognizing that a court will permit "the use of deduction, inference, or other extrapolation of the amount in controversy," when the amount in controversy is not apparent from the face of the complaint)) (denying Plaintiff's motion for remand). "[U]nder 28 U.S.C. § 1446(b), removal may be premised on either the plaintiffs initial pleading, such as a complaint, or a copy of an amended pleading, motion, order or other paper. If, however, removal is based on a document other than the plaintiff's initial pleading, this document must have been supplied by the plaintiff…. [I]n assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper— and determines whether that document and the notice of removal the removing documents unambiguously establish federal jurisdiction." *Sibilia v. Makita Corp.*, 674 F.Supp.2d 1290, 1292 (M.D. Fla. 2009), *citing Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir., 2000) (internal quotation marks omitted).

13. Further, Plaintiff's Complaint alleges Plaintiff "suffered bodily injury and resulting pain, suffering, disability, physical impairment, disfigurement, mental anguish, emotional distress, inconvenience, loss of capacity for the enjoyment of life, incurred expenses of hospitalization, medical, and nursing care and treatment in the past and anticipated to be incurred in the future, loss of earning, loss of ability to earn money in the future, suffered an activation of a latent condition, and aggravation of a previously existing condition, disease, or physical defect." (Ex. A, Complaint, ¶ 14).

14. In *Stramiello v. Petsmart, Inc.*, 2010 WL 2136550, at *3 (M.D. Fla. 2010) the Court determined that defendant established its burden of proving the amount in controversy exceeded the jurisdictional amount of $75,000.00 where plaintiff's medical bills alone totaled over $108,000 and plaintiff alleged her injuries were permanent and ongoing, and that she would need future medical care. The court found the defendant established complete diversity and the amount in controversy exceeded the minimum jurisdictional requirement. *Id.* At *5.

15. Thus, given the alleged damages outlined in the Complaint, the amount in controversy is in excess of $75,000.00.

16. Walmart, Inc. and Janet Baldwin deny they are liable to Plaintiff for any amount, but do not dispute that the amount in controversy exceeds $75,000.00 for jurisdictional purposes under §1441.

## V. Copies of Pleadings Attached

17. Pursuant to 28 U.S.C. § 1446(d), Defendants are simultaneously filing copies of all process, pleadings, and orders served upon Defendants in the State court action with its Notice of Removal, as attached as Composite Exhibit "C."

## VI. Notice of Removal

18. Concurrent with the filing of this Notice of Removal, notice is being given to all parties, and a copy of this Notice of Removal is being filed with the Clerk of Court for the Seventh Judicial Circuit in and for Flagler County, Florida.

## VII. Reservation

19. By filing a Notice of Removal in this matter, Defendants do not waive, and expressly reserve, their right to assert any and all defenses and/or objections in this case, including their right to contest personal jurisdiction, service of process and the sufficiency of the Complaint.

## VIII. Conclusion

20. Accordingly, because the parties are diverse, and it appears to a legal certainty that Plaintiff could recover at least $75,000, exclusive of interest and costs, and Defendants' removal complied in all relevant respects with 28 U.S.C. §1441, this action is properly removed on diversity grounds.

Respectfully submitted,

Dated: September 24, 2021

/s/ Jenna T. Hackman
JENNA T. HACKMAN, ESQ.
Florida Bar No. 461466
liabilitypleadings@RoigLawyers.com
jhackman@roiglawyers.com
ROIG LAWYERS
50 N. Laura Street, Suite 2518
Jacksonville, FL 32202
904.301.9342 / 904.301.9341 Fax
Attorneys for Defendants

**Service**

The undersigned hereby certifies that a true and correct copy of the foregoing has been furnished electronically on this September 24, 2021, with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

William T. Abel, Esq.
McLaughlin & Stern, LLP
525 Okeechobee Blvd., Suite 1530
West Palm Beach, FL 33401, at:
wabel@mclaughlinstern.com

/s/ Jenna T. Hackman
JENNA T. HACKMAN, ESQ.

EXHIBIT "A"



**Service of Process Transmittal**
08/05/2021
CT Log Number 540028779

**TO:** Kim Lundy- Email
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** **Process Served in Florida**

**FOR:** WALMART INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** Kmetz Sandy, Pltf. vs. Walmart, Inc., etc. and Janet Baldwin, Dfts.
*Name discrepancy noted.*

**DOCUMENT(S) SERVED:** Summons, Complaint, Notice, Interrogatories, First Request

**COURT/AGENCY:** Flagler County Circuit Court, FL
Case # 2021CA000378

**NATURE OF ACTION:** Personal Injury - Failure to Maintain Premises in a Safe Condition - 06/26/2020, at 174 Cypress Point Parkway, Palm Coast, Flagler County, Florida

**ON WHOM PROCESS WAS SERVED:** C T Corporation System, Plantation, FL

**DATE AND HOUR OF SERVICE:** By Process Server on 08/05/2021 at 02:39

**JURISDICTION SERVED :** Florida

**APPEARANCE OR ANSWER DUE:** Within 20 days after service (Document(s) may contain additional answer dates)

**ATTORNEY(S) / SENDER(S):** William T. Abel
McLaughlin & Stern, PLLC
525 Okeechobee Blvd., Suite 1700
West Palm Beach, FL 33401
561-659-4020

**ACTION ITEMS:** CT has retained the current log, Retain Date: 08/05/2021, Expected Purge Date: 08/10/2021

Image SOP

**REGISTERED AGENT ADDRESS:** C T Corporation System
1200 South Pine Island Road
Plantation, FL 33324

877-564-7529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.




# PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| **Date:** | Thu, Aug 5, 2021 |
| **Server Name:** | April Lewis |

| | |
|---|---|
| Entity Served | WALMART INC. |
| Case Number | 2021 CA 000378 |
| Jurisdiction | FL |



IN THE CIRCUIT COURT OF THE
7TH JUDICIAL CIRCUIT IN AND FOR
FLAGLER COUNTY, FLORIDA

CASE NO.: 2021 CA 000378

SANDY KMETZ,

Plaintiff,

vs.

WALMART, INC., a Foreign Profit Corporation, and JANET BALDWIN,

Defendants.



**SUMMONS**

THE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:

**YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, First Request to Produce and First Interrogatories in this action on Defendant:

**WALMART, INC., a Foreign Profit Corporation**
**By Serving its Registered Agent:**
**C T CORPORATION SYSTEM**
**1200 SOUTH PINE ISLAND ROAD**
**PLANTATION, FL 33324**

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the telephone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**William T. Abel, Esq.**
**Attorney for Plaintiff**
**McLaughlin & Stern, PLLC**
**525 Okeechobee Blvd., Ste. 1700**

**West Palm Beach, FL 33401**
**TEL (561) 659-4020**
**FAX (800) 206-0085**

WITNESS my hand and the seal of the Court on 7/29/2021, 2021.

TOM BEXLEY
Clerk of Circuit and County Courts

(Court Seal) By:

DEPUTY CLERK

**IMPORTANT**

If you are a person with a disability who needs an accommodation in order to access court facilities or participate in a court proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration , 125 E. Orange Ave., Ste. 300, Daytona Beach, FL 32114; (386) 257-6096 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing impaired call 711

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante esta tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia Telefonica, ADA Coordinator, 125 E. Orange Ave., Ste. 300, Daytona Beach, FL 32114; (386) 257-6096

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney". (Demandate o Abogado del Demanadante).

**IMPORTANT**

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si

vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). ADA Coordinator, 125 E. Orange Ave., Ste. 300, Daytona Beach, FL
32114; (386) 257-6096.

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, 125 E. Orange Ave., Ste. 300, Daytona Beach, FL
32114; (386) 257-6096

IN THE CIRCUIT COURT OF THE
7TH JUDICIAL CIRCUIT IN AND FOR
FLAGLER COUNTY, FLORIDA

CASE NO.:

SANDY KMETZ,

Plaintiff,

vs.

WALMART, INC., a Foreign Profit
Corporation, and JANET BALDWIN,

Defendants.
______________________________/

**COMPLAINT**

COMES NOW, Plaintiff, SANDY KMETZ, by and through his undersigned counsel, and sues the Defendants, WALMART, INC. (hereinafter referred to as "WALMART") and JANET BALDWIN and as grounds would state:

1. This is an action for damages, which exceed the sum of THIRTY THOUSAND ($30,000.00) DOLLARS.

2. At all times material hereto, the Defendant, WALMART, is a foreign corporation or other business entity duly authorized to do business in the State of Florida and was doing business in Palm Coast, Flagler County, Florida.

3. On or about June 26, 2020, Defendant, WALMART, owned, controlled and, possessed the premises and store located at 174 Cypress Point Parkway, Palm Coast, Flagler County, Florida.

4. At all times hereto, JANET BALDWIN, is the WALMART store manager and a resident of Flagler County, Florida, and otherwise sui juris.

5. At all times material hereto, the Plaintiff, SANDY KMETZ, was lawfully on the premises of the Defendant, WALMART to shop, and was a resident of Hillsborough Township, Somerset County, New Jersey, and otherwise sui juris.

6. At all times material hereto, Defendant WALMART owed a duty of reasonable care to maintain its premises in a reasonably safe condition for the use and enjoyment of invitees, including Plaintiff.

7. WALMART negligently failed to maintain its premises in a reasonably safe condition by allowing the sidewalk to become cracked, chipped and in disrepair, creating a dangerous condition on the premises.

8. The dangerous conditions were created by and/or known to WALMART or had existed for a sufficient length of time so that WALMART should have known of it.

9. Defendant, JANET BALDWIN failed to ensure that the premises was maintained in a reasonably safe condition, failed to properly train and supervisor employees to identify and repair dangerous conditions on the premises, and failed to implement policies and procedures to ensure the premises was free of dangerous conditions.

10. As a direct and proximate cause of the dangerous condition, Plaintiff SANDY KMETZ stepped onto the dangerous condition, lost her balance, and fell to the ground, injuring herself.

**COUNT I**
**NEGLIGENCE OF WALMART**

Plaintiff re-alleges paragraphs 1 - 10.

11. The said incident was caused by the aforementioned negligence of WALMART.

12. As a proximate result of WALMART's negligence, Plaintiff SANDY KMETZ suffered bodily injury and resulting pain and suffering, disability, physical impairment,

disfigurement, mental anguish, emotional distress, inconvenience, loss of capacity for the enjoyment of life, incurred expenses of hospitalization, medical, and nursing care and treatment in the past and anticipated to be incurred in the future, loss of earnings, loss of ability to earn money in the future, suffered an activation of a latent condition and aggravation of a previously existing condition, disease, or physical defect. Plaintiff, SANDY KMETZ's, losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, SANDY KMETZ, sues the Defendant, WALMART for compensatory and general damages, costs and interest and demands trial by jury of all issues so triable as a matter of right.

**COUNT II**
**NEGLIGENCE OF JANET BALDWIN**

Plaintiff re-alleges paragraphs 1 - 10.

13. The said incident was caused by the negligence store manager JANET BALDWIN, in failing to correct the dangerous conditions described herein.

14. As a proximate result of JANET BALDWIN'S negligence, Plaintiff SANDY KMETZ suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, emotional distress, inconvenience, loss of capacity for the enjoyment of life, incurred expenses of hospitalization, medical, and nursing care and treatment in the past and anticipated to be incurred in the future, loss of earnings, loss of ability to earn money in the future, suffered an activation of a latent condition and aggravation of a previously existing condition, disease, or physical defect. Plaintiff, SANDY KMETZ's

WHEREFORE, Plaintiff, SANDY KMETZ, sues the Defendant, JANET BALDWIN for compensatory and general damages, costs and interest and demands trial by jury of all issues so triable as a matter of right.

Dated this 28th day of July 2021.

McLAUGHLIN & STERN, PLLC
CityPlace Office Tower
525 Okeechobee Blvd., Suite 1700
West Palm Beach, FL 33401
Office: (561) 659-4020
Fax: (800) 206-0085
Email: wabel@mclaughlinstern.com;
esantiago@mclaughlinstern.com

*/s William T. Abel*
By______________________________
William T. Abel, Esq.
Florida Bar No.: 122841

Filing # 131553143 E-Filed 07/28/2021 10:26:04 AM

Date: 8-12-21 Time: 10:28Am
Server:
Court Order Appointed
Florida Statute 48.031(5)

IN THE CIRCUIT COURT OF THE
7TH JUDICIAL CIRCUIT IN AND FOR
FLAGLER COUNTY, FLORIDA

CASE NO.: 2021 CA 000378

SANDY KMETZ,

Plaintiff,

vs.

WALMART, INC., a Foreign Profit Corporation, and JANET BALDWIN,

Defendants.
_______________________________________/

## SUMMONS

THE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:

**YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint and First Interrogatories in this action on Defendant:

**JANET BALDWIN**
**174 CYPRESS POINT PKWY, PALM COAST FL 32164**

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the telephone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**William T. Abel, Esq.**
**Attorney for Plaintiff**
**McLaughlin & Stern, PLLC**
**525 Okeechobee Blvd., Ste. 1700**
**West Palm Beach, FL 33401**
**TEL (561) 659–4020**
**FAX (800) 206-0085**

WITNESS my hand and the seal of the Court on 7/29/2021, 2021.

TOM BEXLEY
Clerk of Circuit and County Courts

(Court Seal)

By:



DEPUTY CLERK

**IMPORTANT**

If you are a person with a disability who needs an accommodation in order to access court facilities or participate in a court proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration , 125 E. Orange Ave., Ste. 300, Daytona Beach, FL 32114; (386) 257-6096 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing impaired call 711

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante esta tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia Telefonica, ADA Coordinator, 125 E. Orange Ave., Ste. 300, Daytona Beach, FL 32114; (386) 257-6096

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney". (Demandate o Abogado del Demanadante).

**IMPORTANT**

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous

pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). ADA Coordinator, 125 E. Orange Ave., Ste. 300, Daytona Beach, FL 32114; (386) 257-6096.

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, 125 E. Orange Ave., Ste. 300, Daytona Beach, FL 32114; (386) 257-6096

EXHIBIT "B"






Previous on List Next on List Return to List

Filing History

Fictitious Name Search

Submit

# Fictitious Name Detail

## Fictitious Name

WAL-MART

## Filing Information

| | |
|---|---|
| **Registration Number** | G02049900030 |
| **Status** | ACTIVE |
| **Filed Date** | 02/18/2002 |
| **Expiration Date** | 12/31/2022 |
| **Current Owners** | 1 |
| **County** | MULTIPLE |
| **Total Pages** | 4 |
| **Events Filed** | 3 |
| **FEI/EIN Number** | 71-0862119 |

## Mailing Address

702 S.W. 8TH STREET
BENTONVILLE, AR 727160555

## Owner Information

WAL-MART STORES EAST, LP
702 S.W. 8TH STREET
BENTONVILLE, AR 727160555
**FEI/EIN Number:** 71-0862119
**Document Number:** B01000000392

## Document Images

| | |
|---|---|
| 02/18/2002 -- REGISTRATION | View image in PDF format |
| 10/23/2017 -- Fictitious Name Renewal Filing | View image in PDF format |
| 11/05/2012 -- Fictitious Name Renewal Filing | View image in PDF format |
| 03/08/2007 -- RENEWAL | View image in PDF format |

Previous on List Next on List Return to List

Filing History

Fictitious Name Search

Submit

IN THE CIRCUIT COURT OF THE 7TH JUDICIAL CIRCUIT IN AND FOR FLAGLER COUNTY, FLORIDA

SANDY KMETZ,

Plaintiff,

vs.

WALMART, INC., A FOREIGN PROFIT CORPORATION, AND JANET BALDWIN,

Defendant.

_______________________________/

Case No.: 2021-CA-000378

**ANSWER AND AFFIRMATIVE DEFENSES**

The Defendant, **WALMART, INC.**, serves this Answer to the Plaintiff's Complaint for Personal Injuries and states as follows:

1. Defendant is without knowledge of paragraph 1 and therefore denies same and demands strict proof thereof.

2. Defendant admits paragraph 2.

3. Defendant admits paragraph 3.

4. Defendant denies paragraph 4 and demands strict proof thereof.

5. Defendant is without knowledge of paragraph 5 and therefore denies same and demands strict proof thereof.

6. Defendant denies paragraphs 6 through 10 and demands strict proof thereof.

**COUNT I NEGLIGENCE OF WALMART**

7. Defendant denies paragraphs 11 and 12 and demands strict proof thereof.

**COUNT II NEGLIGENCE OF JANET BALDWIN**

**7.** This Count is not directed to this Defendant however it would deny all allegations and demand strict proof thereof of paragraphs 13 and 14.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action for which relief may be granted.

**Second Affirmative Defense**

Any negligence that caused or contributed to the injuries of Plaintiff was solely the result of negligence on the part of third parties and other individuals or entities who may be discovered through the discovery process, and were not under the care, custody, control or supervision of Defendant, and therefore, Plaintiff cannot recover against Defendant. Any damages awarded to Plaintiff are subject to apportionment by the jury of the total fault of all participants in this action pursuant the reasoning outlined by the court in *Nash v. Wells Fargo Guard Services, Inc.*, 678 So. 2d 1262 (Fla. 1996) and *Fabre v. Marin,* 623 So. 2d 782 (Fla. 1993), and the provisions of Florida's Tort Reform Act, section 768.71, Florida Statutes, and Florida's Uniform Contribution Among Tortfeasors Act, section 768.31, Florida Statutes.

**Third Affirmative Defense**

Plaintiff knew, or reasonably should have known, of the potential hazards and dangers alleged in the Complaint, and is barred from recovery against Defendant on the grounds of assumption of risk.

**Fourth Affirmative Defense**

Pursuant to section 768.76, Florida Statutes, or any other applicable provision, in the event of any recovery by Plaintiff in this action, the amount awarded to Plaintiff in this action must be reduced by any amounts paid to Plaintiff from any collateral source or benefits.

**Fifth Affirmative Defense**

Defendant is entitled to all setoffs and limitations of liability pursuant to the doctrine of comparative fault, including but not limited to the provisions of section 768.81, Florida Statutes.

**Sixth Affirmative Defense**

Plaintiff was negligent, and otherwise at fault, with regard to the events alleged in the Complaint, and such negligence and fault is the proximate cause of any liabilities or damages Plaintiff may incur and therefore Plaintiff is barred from recovery. Or, in the alternative, any award rendered to the Plaintiff would be reduced by the amount of her own negligence according to the principles of comparative negligence. Further, to the extent Plaintiff was under the influence of any alcoholic beverage or drug and was more than 50% at fault for her own harm, Plaintiff's claim would be barred by section 768.36, Florida Statutes.

**Seventh Affirmative Defense**

Plaintiff failed to take reasonable steps to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

**Eighth Affirmative Defense**

Defendant had no constructive or actual knowledge of the alleged dangerous condition or defect under section 768.0755, Florida Statutes.

**Ninth Affirmative Defense**

Defendant asserts any possible danger or defect alleged in the Complaint was open and obvious to anyone using reasonable care. Accordingly, Plaintiff cannot recover from this Defendant.

**Tenth Affirmative Defense**

Plaintiff's recovery for medical damages is limited to only those medical expenses for which Plaintiff has become liable. *Cooperative Leasing, Inc. v. Johnson*, 872 So. 2d 956 (Fla. 2d DCA 2004).

**Eleventh Affirmative Defense**

At the time of the incident alleged in the Complaint, Plaintiff was suffering from pre-existing conditions, which caused or contributed to the damages Plaintiff is claiming.

**Twelfth Affirmative Defense**

Defendant is entitled to a set-off for any amount paid or to be paid to Plaintiff related to any damages or injuries asserted in the Complaint pursuant to sections 769.50, 768.31 and/or 768.76, Florida Statutes, if Plaintiff received payments, medical payments from a collateral source of from a potential tortfeasor.

**Thirteenth Affirmative Defense**

Defendant asserts the difference in height on the sidewalk where Plaintiff fell was within the guidelines and parameters of the American with Disabilities Act which maintains a fall hazard is a vertical difference of over 1/4 inch or more at any joint or crack. The subject deviation is below that designated amount and Defendant denies it failed to maintain the premises or otherwise act unreasonably with regard to maintenance of its premises.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend these affirmative defenses as discovery proceeds and additional information becomes known.

## DEMAND FOR JURY TRIAL

Defendant, **WALMART INC**, demands a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by E-Mail this 13th day of August 2021 to the following:

William T. Abel, Esq.
McLaughlin & Stern, LLP
525 Okeechobee Blvd., Suite 1530
West Palm Beach, FL 33401 at:
wabel@mclaughlinstern.com
Attorney for Plaintiff

ROIG LAWYERS
50 N. Laura Street, Suite 2518
Jacksonville, FL 32202
904.301.9342 / 904.301.9341 Fax
Primary: liabilitypleadings@RoigLawyers.com
Secondary: jhackman@roiglawyers.com

BY: /s/ Jenna T. Hackman
JENNA T. HACKMAN, ESQ.
Florida Bar No. 461466
Attorney For Walmart, Inc.

Case 3:21-cv-00952 Document 1 Filed 09/24/21 Page 27 of 31 PageID 27

IN THE CIRCUIT COURT OF THE 7TH JUDICIAL CIRCUIT IN AND FOR FLAGLER COUNTY, FLORIDA

SANDY KMETZ,

Plaintiff,

vs.

WALMART, INC., A FOREIGN PROFIT CORPORATION, AND JANET BALDWIN,

Defendant.

_______________________________/

Case No.: 2021-CA-000378

**ANSWER AND AFFIRMATIVE DEFENSES**

The Defendant, **JANET BALDWIN**, serves this Answer to the Plaintiff's Complaint for Personal Injuries and states as follows:

1. Defendant is without knowledge of paragraph 1 and therefore denies same and demands strict proof thereof.

2. Defendant admits paragraph 2.

3. Defendant admits paragraph 3.

4. Defendant admits on the date in the Complaint she was the store manager.

5. Defendant is without knowledge of paragraph 5 and therefore denies same and demands strict proof thereof.

6. Defendant denies paragraphs 6 through 10 and demands strict proof thereof.

**COUNT I NEGLIGENCE OF WALMART**

7. This Count is not directed to this Defendant however it would deny all allegations and demand strict proof thereof of paragraphs 11 and 12.

**COUNT II NEGLIGENCE OF JANET BALDWIN**

**8.** This Defendant denies paragraphs 13 and 14 and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action for which relief may be granted.

### Second Affirmative Defense

Any negligence that caused or contributed to the injuries of Plaintiff was solely the result of negligence on the part of third parties and other individuals or entities who may be discovered through the discovery process, and were not under the care, custody, control or supervision of Defendant, and therefore, Plaintiff cannot recover against Defendant. Any damages awarded to Plaintiff are subject to apportionment by the jury of the total fault of all participants in this action pursuant the reasoning outlined by the court in *Nash v. Wells Fargo Guard Services, Inc.*, 678 So. 2d 1262 (Fla. 1996) and *Fabre v. Marin,* 623 So. 2d 782 (Fla. 1993), and the provisions of Florida's Tort Reform Act, section 768.71, Florida Statutes, and Florida's Uniform Contribution Among Tortfeasors Act, section 768.31, Florida Statutes.

### Third Affirmative Defense

Plaintiff knew, or reasonably should have known, of the potential hazards and dangers alleged in the Complaint, and is barred from recovery against Defendant on the grounds of assumption of risk.

**Fourth Affirmative Defense**

Pursuant to section 768.76, Florida Statutes, or any other applicable provision, in the event of any recovery by Plaintiff in this action, the amount awarded to Plaintiff in this action must be reduced by any amounts paid to Plaintiff from any collateral source or benefits.

**Fifth Affirmative Defense**

Defendant is entitled to all setoffs and limitations of liability pursuant to the doctrine of comparative fault, including but not limited to the provisions of section 768.81, Florida Statutes.

**Sixth Affirmative Defense**

Plaintiff was negligent, and otherwise at fault, with regard to the events alleged in the Complaint, and such negligence and fault is the proximate cause of any liabilities or damages Plaintiff may incur and therefore Plaintiff is barred from recovery. Or, in the alternative, any award rendered to the Plaintiff would be reduced by the amount of her own negligence according to the principles of comparative negligence. Further, to the extent Plaintiff was under the influence of any alcoholic beverage or drug and was more than 50% at fault for her own harm, Plaintiff's claim would be barred by section 768.36, Florida Statutes.

**Seventh Affirmative Defense**

Plaintiff failed to take reasonable steps to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

**Eighth Affirmative Defense**

Defendant had no constructive or actual knowledge of the alleged dangerous condition or defect under section 768.0755, Florida Statutes.

**Ninth Affirmative Defense**

Defendant asserts any possible danger or defect alleged in the Complaint was open and obvious to anyone using reasonable care. Accordingly, Plaintiff cannot recover from this Defendant.

**Tenth Affirmative Defense**

Plaintiff's recovery for medical damages is limited to only those medical expenses for which Plaintiff has become liable. *Cooperative Leasing, Inc. v. Johnson*, 872 So. 2d 956 (Fla. 2d DCA 2004).

**Eleventh Affirmative Defense**

At the time of the incident alleged in the Complaint, Plaintiff was suffering from pre-existing conditions, which caused or contributed to the damages Plaintiff is claiming.

**Twelfth Affirmative Defense**

Defendant is entitled to a set-off for any amount paid or to be paid to Plaintiff related to any damages or injuries asserted in the Complaint pursuant to sections 769.50, 768.31 and/or 768.76, Florida Statutes, if Plaintiff received payments, medical payments from a collateral source of from a potential tortfeasor.

**Thirteenth Affirmative Defense**

Defendant asserts the difference in height on the sidewalk where Plaintiff fell was within the guidelines and parameters of the American with Disabilities Act which maintains a fall hazard is a vertical difference of over 1/4 inch or more at any joint or crack. The subject deviation is below that designated amount and Defendant denies it failed to maintain the premises or otherwise act unreasonably with regard to maintenance of its premises.

**RESERVATION OF RIGHTS**

Defendant reserves the right to amend these affirmative defenses as discovery proceeds and additional information becomes known.

**DEMAND FOR JURY TRIAL**

Defendant, **WALMART, INC**, demands a trial by jury on all issues so triable.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by E-Mail this 19th day of August 2021 to the following:

William T. Abel, Esq.
McLaughlin & Stern, LLP
525 Okeechobee Blvd., Suite 1530
West Palm Beach, FL 33401, at:
wabel@mclaughlinstern.com
Attorney for Plaintiff

ROIG LAWYERS
50 N. Laura Street, Suite 2518
Jacksonville, FL 32202
904.301.9342 / 904.301.9341
Pleadings@RoigLawyers.com

BY: /s/ Jenna T. Hackman
JENNA T. HACKMAN, ESQ.
Florida Bar No. 461466
Attorney for Defendant Janet Baldwin