**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SANDY KMETZ,

        Plaintiff,

v.                                          Case No. 3:21-cv-952-MMH-JBT

WALMART, INC., a Foreign Profit
Corporation, and JANET BALDWIN,

        Defendants.

_____/

**ORDER**

        **THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal

question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On September 24, 2021, Defendants, Walmart, Inc. (Walmart) and Janet Baldwin, filed Defendants' Notice of Removal of Action Under 28 U.S.C. Section 1441(b) (Diversity) (Doc. 1; Notice), removing this case from the Circuit Court, Seventh Judicial Circuit in and for Flagler County, Florida. See Notice at 1. In the Notice, Defendants assert that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. See Notice of Removal at 3. Upon review, the Court finds that the Notice contains a litany of jurisdiction-pleading errors such that Defendants have failed to allege sufficient facts to plausibly demonstrate that the Court has subject matter jurisdiction over this action.

First, Defendants have not sufficiently alleged the citizenship of either Plaintiff or Defendant Janet Baldwin. See Notice at 3. In the Notice, Defendants allege that "Plaintiff is and was a resident of Somerset County, New Jersey . . . " citing to Plaintiff's Complaint, which states only that "[a]t all times material hereto, the Plaintiff . . . was a resident of Hillsborough Township, Somerset County, New Jersey, and otherwise sui juris." See

Complaint at 2.¹  As to Defendant Janet Baldwin, the Notice is completely devoid of any allegations regarding citizenship and the Complaint merely alleges that "Janet Baldwin, is the Walmart store manager and a resident of Flagler County, Florida . . . ."  See generally Notice; Complaint at 1.  The Notice later states, without additional citation, that "there is complete diversity among the parties because Plaintiff is not a citizen of the State in which Defendant, Walmart, Inc. is a citizen."  Id. at 3.

For a court to have diversity jurisdiction under 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants."  Univ. of S. Ala., 168 F.3d at 412.  To establish diversity over a natural person, a party must include allegations of the person's citizenship, not where he or she resides.  Taylor v. Appleton, 30 F.3d, 1365, 1367 (11th Cir. 1994).  A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom."  McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).  "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish citizenship for a natural person."  Taylor, 30 F.3d at 1367; Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48

---

¹ The "Complaint" refers to Plaintiff's Complaint filed in state court found at pages 14-17 of the Notice.

-3-

(1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'"). Thus, Defendants have failed to properly allege either Plaintiff or Defendant Janet Baldwin's citizenship for purposes of establishing this Court's diversity jurisdiction over this action.[2]

Second, the Court is unable to determine whether the amount in controversy requirement is satisfied. This case arises out of a trip and fall accident involving Plaintiff that occurred "on a cracked sidewalk . . . in the parking lot of Defendant, Walmart's store." See Notice at 2. In the Complaint, Plaintiff alleges that her damages exceed $30,000.00, exclusive of interest and costs. See id. at 14. Plaintiff asserts that as a result of her fall, she

> suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, emotional distress, inconvenience, loss of capacity for the enjoyment of life, incurred expenses of hospitalization, medical, and nursing care and treatment in the past and anticipated to be incurred in the future, loss of earnings, loss of ability to earn money in the future, suffered an activation of a latent condition and aggravation of a previously existing condition, disease, or physical defect. Plaintiff['s] losses are either permanent or continuing and plaintiff will suffer the losses in the future.

---

[2] Notably, if Defendant Janet Baldwin is in fact a citizen of Florida, the removal would appear to violate the forum defendant rule. Pursuant to 28 U.S.C. § 1441(b), a civil action that does not present a federal question, "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); Moore v. N. Am. Sports, Inc., 623 F.3d 1325, 1328 (11th Cir. 2010). As such, if Janet Baldwin is a citizen of the state of Florida this action would be due to be remanded upon the filing of a motion to remand asserting a violation of the forum defendant rule.

See id. at 3.  In support of removal, counsel for Defendants merely points to these allegations and states that "it is clear from Plaintiff's pre-suit communications to the Defendant that her claim for damages exceeds the jurisdictional minimum in this Court of $75,000.00." See Notice at 4.

Where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).  In Dart Cherokee Basin Operating Co. v. Owens, the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See 135 S. Ct. 547, 554 (2014).  If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met.  Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014).  Notably, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." See Williams, 269 F.3d at 1320.  Indeed, the Court may not speculate or guess as to the amount in controversy.  See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010).  Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if

challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754 (emphasis added). In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id. at 754 (emphasis added).[3]

Here, Defendants fail to present a "plausible allegation" of the amount in controversy. Defendants' recitation of the generic, vague and categorical allegations of the Complaint, combined with an undetailed reference to a conversation with opposing counsel, do not provide the Court with any specific, factual information by which to determine whether Plaintiff's damages plausibly exceed the jurisdictional threshold. Indeed, based on the allegations in the Notice, the Court can do no more than speculate regarding the nature and severity of Sandy Kmetz's injuries. Thus, "without facts or specific allegations, the amount in controversy [can] be 'divined [only] by looking at the

---

[3] The Court notes that Dart, Dudley and Pretka, all involved cases removed to federal court under the Class Action Fairness Act of 2005 (CAFA). Because remand orders are not ordinarily reviewable on appeal, except in class action cases, see 28 U.S.C. § 1447(d), § 1453(c), appellate decisions on removal usually involve cases removed under CAFA. See, e.g., Pretka, 608 F.3d at 752. Nonetheless, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446." Pretka, 608 F.3d at 756-57 & n.11 (citations omitted). Thus, although the cases cited above involved removal under CAFA, they interpret and apply the general removal procedures, and thus, the Court finds the analysis of those cases applicable here. See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011) (addressing an appeal involving a non-CAFA removal and citing to Pretka as authority regarding removal procedures).

stars'–only through speculation–and that is impermissible." Id. at 753-54 (third alteration in original) (quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)). In light of Plaintiff's vague allegations of damages, and in the absence of any information regarding the nature of Sandy Kmetz's injuries, or the cost of her subsequent medical care, the Court is unable to determine whether the amount in controversy requirement is satisfied here. In light of the foregoing, Defendants have failed to provide the Court with sufficient information for the Court to determine whether it has jurisdiction over this action.

In addition to the jurisdictional deficiencies presented in the Notice, it appears that Defendants have failed to comply with the procedural requirements for removal as well. Pursuant to 28 U.S.C. § 1446(b)(1), which governs the procedure for removal of civil actions, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise . . . ." 28 U.S.C. § 1446(b)(1). Where there are multiple defendants, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). In the Notice, Defendants assert that "Defendant Walmart, Inc. was served on August 5, 2021, and Defendant, Janet Baldwin was served on August 12, 2021." See Notice at 2. The Notice was not filed until September

24, 2021, well past the 30 day deadline for both Defendants, and Defendants do not allege removal is based on the receipt of "other paper" under 28 U.S.C. § 1446(b)(3) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."). Nonetheless, because failure to comply with § 1441(b)(2)(B) is a procedural and not a jurisdictional defect, the Court will not sua sponte remand the case based on this error.[4]  See Yusefzadeh v Nelson, Mullins, Riley, & Scarborough, LLP, 365 F.3d 1244, 1245 (11th Cir. 2004) (per curiam). ("[T]he district court may not sua sponte decide to remand the case for any procedural defect other than lack of subject matter jurisdiction.").

Without additional information regarding the citizenship of the parties to this action and whether the amount in controversy requirement is satisfied,

---

[4] As noted above, a district court may not sua sponte remand a case based upon a procedural defect. See Yusefzadeh v Nelson, Mullins, Riley, & Scarborough, LLP, 365 F.3d 1244, 1245 (11th Cir. 2004) (per curiam). Accordingly, while the Court may remand sua sponte for lack of subject matter jurisdiction, the Court "must wait for a party's motion before remanding a case based on [a] procedural defect" in the removal process. Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc., 254 F.3d 1317, 1320-21 (11th Cir. 2001). However, a plaintiff may waive such procedural defects by failing to move to remand within thirty days of the removal. See id.; see also 28 U.S.C. § 1447(c).

the allegations presently before the Court are insufficient to invoke the Court's subject matter jurisdiction over this action.[5]  Accordingly, it is

**ORDERED**:

Defendants shall have until **October 20, 2021**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida on October 5, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc28

Copies to:
Counsel of Record

---

[5]  Notably, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit cases decided in 2017. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").